UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| | : | |
| TERRY BROWN, | : | CASE NO. 4:20-cv-01726 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 5, 14] |
| v. | : | |
| | : | |
| WARDEN DAVID GRAY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* petitioner Terry Brown petitions for habeas corpus relief under 28 U.S.C. § 2254.[1]  Brown is serving a 25-year to life sentence for aggravated murder with a firearm specification, aggravated robbery, abuse of a corpse, and tampering with evidence. Petitioner Brown alleges three grounds for relief: ineffective assistance of counsel, prosecutorial misconduct, and illegal search and seizure.[2]

Magistrate Judge Carmen E. Henderson filed a Report and Recommendation in this case.  In her report, Judge Henderson recommends the petition be denied.  Petitioner objects to the Report & Recommendation.[3]  For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report & Recommendation, **DENIES** Petitioner's § 2254 petition, and **GRANTS** the motion to dismiss.

###   I.    Background

---

[1] Doc. 1.  Warden Gray filed a motion to dismiss.  Doc. 5.  Petitioner filed a traverse.  Doc. 11.  Warden Gray filed a reply.  Doc. 12.

[2] Doc. 1.

[3] Doc. 15.  The Court considered his objections timely because his *pro se* motion for extension of time was timely under the prison mailbox rule.  Doc. 10; *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Case No. 20-cv-01726
GWIN, J.

On April 20, 2017, a Columbiana County, Ohio grand jury indicted Petitioner Brown.[4] In pretrial proceedings, Brown moved to suppress statements Brown gave to a detective on Fifth, Sixth, and Fourteenth Amendment grounds.[5] The trial court held a hearing, then denied the motion.[6]

Brown entered into a plea agreement with the State of Ohio on October 25, 2017.[7] After the plea, Petitioner Brown moved on the day before his scheduled sentencing, to withdraw his guilty plea.[8] The trial court held a hearing, found that Brown was "ably represented," and found that he had "a full and complete understanding of the charges" when he pled.[9] The court denied Brown's motion to withdraw his guilty plea, as well as a subsequent motion to withdraw the plea.[10]

Petitioner Brown, represented by counsel, appealed the trial court's denial of his motion to withdraw his guilty plea.[11] The Ohio Court of Appeals affirmed the judgment.[12] The Ohio Supreme Court denied review of Petitioner's *pro se* delayed appeal.[13]

Petitioner Brown sought post-conviction relief through multiple motions for additional discovery and for reconsideration in the trial court.[14] The trial court denied all these motions.[15] The Ohio Court of Appeals denied Petitioner Brown's motion for delayed post-conviction relief to appeal one of the denials.[16]

---

[4] Doc. 5-1 at 5.
[5] *Id.* at 25.
[6] *Id.* at 28.
[7] *Id.* at 29.
[8] *Id.* at 38.
[9] *Id.* at 54-55, 62.
[10] *Id.* at 62, 97.
[11] *Id* at 99.
[12] *Id.* at 126.
[13] *Id.* at 140, 163.
[14] *Id.* at 174, 186, 188, 192.
[15] *Id.* at 173, 195.
[16] *Id.* at 187.

Case No. 20-cv-01726
GWIN, J.

On August 5, 2020, Petitioner Brown petitioned for habeas corpus relief under 28 U.S.C. § 2254.[17]

## I.     Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [18] governs federal courts' review of state court proceedings.  AEDPA generally requires that a petitioner exhaust all his available state court remedies before seeking habeas relief.[19]

Exhaustion occurs once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.[20]  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each habeas claim.[21]  Each claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law,[22] and it must be presented to the state courts under the same legal theory in which it is later presented in federal court.[23]

A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[24]

## II.    Discussion

### a.   Petitioner Brown's Ground One Is Not Exhausted

---

[17] Doc. 1.
[18] 28 U.S.C. § 2254.
[19] 28 U.S.C. § 2254(b)(1)(A).
[20] *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).
[21] *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).
[22] *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).
[23] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).
[24] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763-64 (6th Cir. 2006).

Case No. 20-cv-01726
GWIN, J.

Petitioner Brown's ineffective assistance of counsel claim is not exhausted because he has not presented it on appeal to the Ohio Court of Appeals and Ohio Supreme Court. Petitioner Brown was sentenced in 2018 but has never appealed his conviction and sentence to the Ohio Court of Appeals.[25]

Brown may be able to file a delayed appeal under Ohio Appellate Rule 5(A).[26]  But absent some equitable ground or tolling ground, the federal habeas one-year statute of limitations has likely expired.[27]  But separately, the state delayed appeal remains available to him, and Petitioner's claim is not exhausted.

### b.  Petitioner Brown's Ground Two Is Not Exhausted

Petitioner Brown's prosecutorial misconduct claim is also not exhausted because he has not yet raised it in a delayed appeal to the Ohio Court of Appeals and Ohio Supreme Court.

### c.  Petitioner Brown's Ground Three Is Not Cognizable

Petitioner Brown's Ground Three—illegal search and seizure—is both unexhausted and not cognizable.  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced in his trial."[28]

Here, the trial court considered Petitioner Brown's motion to suppress, held a hearing, then overruled the motion.[29]  Petitioner Brown's suppression motion appeared to rest on

---

[25] Doc. 5-1 at 196.
[26] Ohio R. App. P. 5(A).
[27] See 28 U.S.C. § 2244(d).
[28] Stone v. Powell, 428 U.S. 465, 494 (1976).
[29] Doc. 5-1 at 25, 28.

Case No. 20-cv-01726
GWIN, J.

Fifth and Sixth Amendment grounds, not the Fourth Amendment grounds he now raises.[30]

Even if he did not actually raise a Fourth Amendment claim in state court, however, this

Court's inquiry only extends to whether he had a "full and fair opportunity" to raise the

claim.[31]  Here, Petitioner had the opportunity to raise a Fourth Amendment Claim under

Ohio Rule of Criminal Procedure 12, and to directly appeal the decision under Ohio Rule of

Appellate Procedure 3(A) and 5(A).  That satisfies the "full and fair opportunity" standard,

making his Fourth Amendment claim not cognizable in a 28 U.S.C. § 2254 petition.

### d.  The New Grounds Raised in Petitioner Brown's Objections Are Not Properly Presented

In his objections to the Report and Recommendation, Petitioner Brown raises two

additional constitutional claims for the first time, along with a new actual innocence

argument.  Brown did not properly present these claims.  These claims were not included in

his petition.  Even if they were properly before the Court, however, they would be

unexhausted because Petitioner still has a right to seek a delayed state court conviction and

sentence appeal in the Ohio Court of Appeals and Ohio Supreme Court.

Because the AEDPA statute of limitations has likely run, the time before the Ohio

Court of Appeals and Ohio Supreme Court will not reset the one-year statute of limitations.

## III.    Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections. The Court

**ADOPTS** in full Magistrate Judge Henderson's Report & Recommendation and incorporates

it fully herein by reference. The Court **DENIES** Petitioner's § 2254 petition and **GRANTS**

---

[30] *Id.* at 25-26.
[31] *Good v. Berghuis*, 729 F.3d 636, 540 (6th Cir. 2013).

Case No. 20-cv-01726
GWIN, J.

the motion to dismiss. The Court certifies that no basis exists upon which to issue a

certificate of appealability.[32]

       IT IS SO ORDERED.


Dated: September 24, 2021                     *s/     James S. Gwin*
                                           JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[32] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).